IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIVIL NO. 13-00187 HG/RLP |
| | ) |
| Plaintiff, | ) |
| | ) ORDER DENYING IN FORMA |
| vs. | ) PAUPERIS APPLICATION AND |
| | ) DISMISSING ACTION PURSUANT TO |
| VICTORY OHANA DOES, LYLE | ) 28 U.S.C. § 1915(g) |
| ANTONIO, FLOORBOY DOE, WARDEN | ) |
| NOLAN ESPINDA, ERIC TANAKA, | ) |
| GENE POMEROY, DOVIE BORGES, | ) |
| WES MUN, SGT KAISER, MICHAEL | ) |
| GRIBBIN, RAY FONOTI, TED | ) |
| SAKAI, CITY AND COUNTY OF | ) |
| HONOLULU, DEPARTMENT OF THE | ) |
| ATTORNEY GENERAL, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION
PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is *pro se* Plaintiff Peter R. Tia's prisoner civil rights Complaint and *in forma pauperis* ("IFP") application.  Plaintiff complains that Defendants, Hawaii state officials and private citizens, denied and conspired to deny him adequate nutrition on April 17, 2013.  Plaintiff's *in forma pauperis* application is DENIED and this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

**I.  28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

the prisoner has, on 3 or more prior
occasions, while incarcerated or detained in

any facility, brought an action or appeal in
a court of the United States that was
dismissed on the grounds that it is
frivolous, malicious, or fails to state a
claim upon which relief may be granted,
unless the prisoner is under imminent danger
of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's

IFP status only when, after careful evaluation of the order

dismissing an action, and other relevant information, the

district court determines that the action was dismissed because

it was frivolous, malicious or failed to state a claim." *Andrews*

*v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some

instances, the district court docket records may be sufficient to

show that a prior dismissal satisfies at least one of the

criteria under § 1915(g) and therefore counts as a strike."  *Id.*

at 1120.

A court "'may take notice of proceedings in other

courts, both within and without the federal judicial system, if

those proceedings have a direct relation to matters at issue.'"

*Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting

*Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir.

2002)).  The court takes judicial notice that Plaintiff has had

three cases dismissed in this court that qualify as "strikes"

under 28 U.S.C. § 1915(g).  They are:

(1) *Tia v. Fujita*, Civ. No. 08-00575 HG
    (D. Haw. Jan. 27, 2009) (dismissed

2

for failure to state a claim);

(2) *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and

(3) *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim).[1]

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited April 23, 2013). Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. <u>NO IMMINENT DANGER</u>

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims concerning "imminent danger of serious physical injury" cannot be triggered solely by

---

[1] The court has previously notified Plaintiff of his strikes. *See, e.g.*, *Tia v. Borges*, Civ. No. 12-00158 HG, and App. No. 12-16158 (9th Cir. Aug. 9, 2012), ECF No. 26; *Tia v. Baker*, Civ. No. 11-00098 HG, ECF No. 20; *Tia v. Doe Defendants as Aggrieved*, Civ. No. 11-00352 SOM, ECF No. 13; and *Tia v. Mollway*, Civ. No. 11-00421 JMS, ECF No. 8.

complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Plaintiff alleges that, on April 17, 2013, an inmate served him a dinner tray with a soggy dinner roll, that was missing dessert.  Plaintiff alleges other inmates received dessert on this date.  Plaintiff claims the other Defendants conspired to deny him adequate nutrition.  Plaintiff further alleges denial of access to the courts.  Plaintiff's claims do not suggest that he was in imminent danger of serious physical injury when he filed this action and he may not proceed without prepayment of the civil filing fee.  Plaintiff's claims also fail to state a claim.

Further, Plaintiff's *in forma pauperis* application is insufficient, because it does not reflect the balance in his account for the previous six months.  *See* 28 U.S.C. § 1915(b)(1). Plaintiff's account balance reflects that it is current as of February 28, 2013, almost two months before he filed this action.

### III.  <u>CONCLUSION</u>

Plaintiff's *in forma pauperis* application is DENIED and his Complaint and action are DISMISSED without prejudice.  If Plaintiff wishes to reassert these claims, he may do so by concurrently submitting the entire $350.00 filing fee when he files the action.  Any pending motions are terminated.  The Clerk

4

of Court shall close the case.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, April 29, 2013.



                          /S/ Helen Gillmor

_____

Helen Gillmor
United States District Judge

*Tia v. Victory Ohana, et al.*, 1:13-cv-00187 HG/RLP;
G:\docs\kelly\Orders\Denise\13cv187.Tia v. Victory.deny IFP and Dismissing Action.wpd

5